UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      Case No. 16-20175
                                              Honorable Terrence G. Berg

v

GENERAL JASPER TYLER III,

        Defendant.
_____/

## **PRELIMINARY ORDER OF FORFEITURE**

An Indictment was filed on or around March 16, 2016, which charged Defendant with Possession of a Firearm in Furtherance of a Drug Trafficking Crime pursuant to 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(1)(A)(i) (Count One); Possession With Intent to Distribute Cocaine pursuant to 21 U.S.C. § 841(a)(1) (Count Two); and Possession of a Firearm by a Felon pursuant to 18 U.S.C. § 922(g)(1).  The Indictment also sought criminal forfeiture pursuant to 18 U.S.C. § 924(d)(1) of any firearm or ammunition involved in said offense, including but not limited to .40 caliber Smith and Wesson semi-automatic handgun bearing serial number DYL4768 (hereinafter "Subject Property").

On June 1, 2017, Defendant pleaded guilty to Count One of the Indictment, which charged Defendant with Possession of a Firearm in Furtherance of a Drug Trafficking Crime pursuant to 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(1)(A)(i).

Defendant also agreed in his Rule 11 Plea Agreement ("Rule 11") to forfeit his interest in the Subject Property.

In his Rule 11, Defendant knowingly, voluntarily, and intelligently waives any challenge to the above-described forfeiture of the Subject Property based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

In his Rule 11, Defendant acknowledged he understood forfeiture of the Subject Property is part of the sentence that may be imposed on him in this case and waived his right to challenge any failure by the Court to advise him of this at the time his guilty plea was accepted, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J). Defendant also expressly waives his right to have a jury determine the forfeitability of his interest in the above identified property as provided by Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure.

Based upon the Indictment, the Defendant's agreement to forfeiture, and other information in the record:

IT IS ORDERED that Defendant forfeits to the United States any and all interest he may have in the Subject Property pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461.

IT IS FURTHER ORDERED that upon entry of this Preliminary Order of

Forfeiture, the United States Attorney General or his designee is authorized to commence any applicable proceeding to comply with the statutes governing third party rights, including giving notice of this Order.

The United States shall publish on [www.forfeiture.gov](www.forfeiture.gov), notice of this preliminary forfeiture order and of its intent to dispose of the above-named property in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n). Said notice shall direct that any person other than the Defendant asserting a legal interest in the Subject Property may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the property. The petition must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the property.

Pursuant to Fed.R.Crim.P. 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to Defendant at the time of his sentencing. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed.R.Crim.P. 32.2(c)(2).

Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, and additional facts supporting the petitioner's claim and the relief sought.

After the disposition of any motion filed under Fed.R.Crim.P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2(e).

*******************************************************************

**IT IS SO ORDERED.**

/s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated: August 14, 2017